UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TALEAH DENISE TAYLOR,

      Plaintiff,

v.                                    CASE NO. 3:25-cv-1213-WWB-SJH

BAYFORCE TECHNOLOGY
SOLUTIONS,

      Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice, or in the Alternative for a More Definite Statement, and to Strike Demand for Jury Trial ("Motion"). Doc. 14.

Plaintiff initiated this action by filing a Complaint for Employment Discrimination and Demand for Jury Trial ("Complaint"), Doc. 1, and a Motion to Proceed *In Forma Pauperis* ("IFP Motion"), Doc. 2. Determining that Plaintiff did not qualify financially to proceed *in forma pauperis*, the undersigned entered a Report and Recommendation ("R&R"), Doc. 5, recommending that her IFP Motion be denied. In addition to recommending that the IFP Motion be denied, the R&R recommended that Plaintiff be directed to file an amended complaint on the basis that the Complaint was a shotgun pleading that did not comply with the Federal Rules of Civil Procedure ("Rule(s)"). *Id.* at 3–7.

While the R&R was pending, Plaintiff filed her Amended Complaint for

Employment Discrimination and Demand for Jury Trial ("Amended Complaint"), Doc. 6, and paid the applicable filing fee. As such, the undersigned denied as moot the IFP Motion and vacated as moot the R&R. Doc. 8.

In the Motion, Defendant argues that the Amended Complaint remains an impermissible shotgun pleading and that Plaintiff waived any right to a jury trial. Doc. 14. As relief, the Motion seeks dismissal with prejudice of Plaintiff's pleading; alternatively, the Motion seeks a more definite statement and the striking of Plaintiff's jury demand. *Id.*

The parties did not confer before the Motion was filed, so the Court directed them to do so. Doc. 16. Following conferral, the parties "were able to agree that a right to a jury trial had been waived" and "also agreed [that Plaintiff would] replead" and clarify her pleading. Doc. 17. The parties did not agree, however, as to "Defendant's request for dismissal with prejudice, nor were they able to clarify the exact content of revisions that would occur in an amended pleading." *Id.*

Given the parties' agreement, the Motion will be granted in part to the extent that Plaintiff will be directed to file a clarified second amended complaint that does not include a jury demand. As such, given the forthcoming amended pleading, the Motion is otherwise due to be denied without prejudice as moot. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'") (citation omitted); *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an

original complaint."); *see also Schnackenberg v. Toll Bros. Mortg. Co.*, No. 3:24-cv-324-MMH-PDB, 2024 WL 4791930, at *1 (M.D. Fla. Sept. 4, 2024) (denying as moot motion directed to prior pleading upon the filing of an amended pleading); *Razi v. Razavi*, No. 5:12-cv-80-Oc-34TBS, 2012 WL 12953932, at *1 (M.D. Fla. June 8, 2012) (same).[1]

Plaintiff's second amended complaint must comply with the Rules, including Rules 8 and 10. Under Rule 8, it must contain (i) a short and plain statement of the grounds for this Court's jurisdiction; (ii) a short and plain statement of the claim showing Plaintiff is entitled to relief; and (iii) a demand for the relief sought. Under Rule 10, it must be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Where necessary for clarity, discrete claims should be separated into different counts.[2]

A pleading that violates Rule 8(a), Rule 10(b), or both, may be described as a "shotgun" pleading. *See Mathis v. City of Lakeland*, No. 22-12426, 2023 WL 2568814, at *3–4 (11th Cir. Mar. 20, 2023).[3] Plaintiff is reminded that "shotgun" pleadings are

---

[1] Even if the request were not moot, the undersigned would not at this time and on this record be inclined to recommend dismissal with prejudice. *See, e.g., Dempsey v. Brevard Cnty., Fla.*, No. 6:21-cv-1763-PGB-LHP, 2022 WL 21737648, at *3–5 (M.D. Fla. Oct. 11, 2022), *report and recommendation adopted*, 2022 WL 21737650 (M.D. Fla. Nov. 15, 2022).

[2] In addition, Plaintiff should note that while a pleading need not set forth detailed factual allegations, it must provide more than mere labels and conclusions, and the factual allegations must be enough to state a plausible claim for relief.

[3] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

3

strictly prohibited. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *see also Moore v. Jasper City Bd. of Educ.*, No. 22-13943, 2023 WL 3719151, at *2 (11th Cir. May 30, 2023).[4]

Plaintiff should also note that her second amended complaint will supersede her prior pleadings and become the operative pleading. *See Wullschleger*, 604 U.S. at 35. Thus, the second amended complaint must be complete and must include all claims she wishes to pursue, as well as all facts in support and relief sought, in a single submission.

Accordingly, it is **ordered**:

1.      The Motion (Doc. 14) is **granted in part and denied without prejudice in part**.

2.      The Motion is **granted** to the extent that Plaintiff must file a second amended complaint that does not include a jury demand on or before **March 3, 2026**. The second amended complaint must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10.

---

[4] There are four rough categories of prohibited shotgun pleadings, including a complaint (1) with "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "that is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'"; (3) "that does not separate 'each cause of action or claim for relief' into a different count"; and (4) "that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Mathis*, 2023 WL 2568814, at *4 (quotation omitted); *see also Moore*, 2023 WL 3719151, at *2. Plaintiff should take particular care in her second amended complaint to avoid any confusion due to a lack of clarity as to what allegations are intended to support what claims or due to a failure to separate discrete claims into separate counts.

3.      The Motion is otherwise **denied without prejudice** as moot.

**DONE AND ORDERED** in Jacksonville, Florida, on February 11, 2026.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro se* Plaintiff

Counsel of Record