UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TALEAH DENISE TAYLOR,

      Plaintiff,

v.                                    CASE NO. 3:25-cv-1213-WWB-SJH

BAYFORCE TECHNOLOGY
SOLUTIONS,

      Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Redact Personal Information for Safety Reasons ("Motion"). Doc. 25. The Motion moves "for an order permitting the redaction or removal of" Plaintiff's "personal residential address and other personal identifying information from the public record in this case" and seeks leave "to maintain her address under seal or on file with the Clerk of Court for service purposes only." *Id.* The Motion is due to be denied without prejudice.

The Motion does not comply with the requirements of the presiding District Judge's Standing Order. *See* Doc. 3. The Motion also does not comply with Local Rule 1.11 and Local Rule 3.01 (including parts (b) and (g)). For these reasons alone, it is due to be denied without prejudice.

Even if the Court were to otherwise consider the Motion, it would fail. It is unclear what information Plaintiff seeks to redact or seal and on what basis. The Motion mentions sealing or redacting only Plaintiff's address, and it cites no

supporting authority for any such request, making only a passing reference to unspecified "personal safety concerns[.]" *Id.* at 1.[1] As such, it fails. *See Flippen v. Rolling Hills Hosp.*, No. 3:25-cv-617, 2025 WL 2990660, at *2 (M.D. Tenn. Oct. 23, 2025) (denying motion to seal or redact *pro se* party's personal address where he alleged "that 'public disclosure of [his] home address raises serious concerns for safety, privacy, and potential retaliation …[and] could expose him to unwanted attention or harassment and serves no legitimate public interest'" because "[n]either harm to reputation nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access"). Moreover, the Federal Rules of Civil Procedure ("Rule(s)") require every pleading, written motion, and other paper filed with a court to "state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). And although the Rules include privacy protections requiring redaction of other types of information relating to "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number," addresses are *not* among the categories requiring redaction. Fed. R. Civ. P. 5.2(a).[2] In short, the Rules contemplate that the information at issue in the Motion will be publicly filed. *See Ntoni v. Charlemagne*, No. 5:25-cv-539-JLB-PRL, 2025 WL 2531486, at *1–2 (M.D. Fla. Sept. 3, 2025) ("Moreover, the Federal Rules of Civil

---

[1] The Motion was filed nearly 5 months after Plaintiff initially and publicly filed her pleading, with her address. Doc. 1.

[2] By comparison, in *criminal* cases, the procedural rules provide for the redaction of information relating to the home address of an individual. *See* Fed. R. Crim. P. 49.1.

2

Procedure require all pleadings and papers filed with the Court to include a mailing address, among other information. Neither the Local Rules nor the Federal Rules of Civil Procedure permit a party to prosecute a case before the Court without providing contact information, including an address. ... Plaintiff has not shown good cause or demonstrated that extraordinary circumstances exist in this case that would require the Court to seal her address."); *Gardner v. Saul*, No. 1:20-cv-2983, 2020 WL 12969217, at *2 & n.2 (D.D.C. Oct. 16, 2020) (explaining that "plaintiff's privacy interests do not extend beyond those portions of the Complaint that contain sensitive medical information and the personally identifying information described in Federal Rule of Civil Procedure 5.2(a)"; that "[t]he general presumption of public access to judicial filings applies to the rest of the Complaint"; and that "[u]nder Rule 5.2(a), plaintiff may redact the first five digits of his social security number and the month and date of his birth, but may not redact his address").

Accordingly, the Motion, Doc. 25, is **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on March 17, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:
*Pro se* Plaintiff
Counsel of Record

3